UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

AUG – 7 2014

ROBERT N. TRGOVICH, Clerk
U.S DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CAUSE NO. 2:14CR 80 |
| ELBERT JOHNSON ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Assistant United States Attorney Toi Denise Houston, the defendant, Elbert Johnson, and Mark Psimos, as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Elbert Johnson, have the ability to read, write and speak the English language.

2. I have received a copy of the Felony Information and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Felony Information and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4.  I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5.  I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

   a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

   b. If the trial is a jury trial, the jury would be composed of twelve people selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Felony Information separately.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

   d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence on my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

   e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

  f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

  g. In the event that I should be found guilty of the charge(s) against me, I would have the right to appeal my conviction on such charge(s) to a higher court.

6.  I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after consideration of a pre-sentence investigation report, input from counsel for me and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7.  Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

  a. I will plead GUILTY to the Felony Information which charges me with Conspiracy to Commit Identity Theft, False Claims, Aggravated Identity Theft, and Filing a False Tax Return in violation of Title 18, United States Code, Sections 1028(f), 287, and 1028A, and Title 26, United States Code, Section 7206(1), respectively, because I am, in fact, GUILTY of these offenses as charged in the Felony Information;

  b. I understand the maximum possible penalties that may be imposed upon me are as follows:

| Count | Prison | Fine | Supervised Release |
| --- | --- | --- | --- |
| 1 | 15 years | $250,000 | 3 years |
| 2 | 5 years | $250,000 | 3 years |
| 3 | 5 years | $250,000 | 3 years |
| 4 | 5 years | $250,000 | 3 years |

| | | | |
|---|---|---|---|
| 5 | 2 years | $250,000 | 1 year |
| 6 | 2 years | $250,000 | 1 year |
| 7 | 3 years | $100,000 | 1 year |

c. I further understand that with respect to the aggravated identity theft counts, the court must impose a two (2) year term of imprisonment consecutive to any other term of imprisonment the court may impose.

d. I further understand that a special assessment of $100, as to each count, will be imposed, in addition to any other penalty and the special assessment is due and payable prior to my sentencing hearing. The total special assessment is $700.00.

I further understand that under a term of supervised release, I would have to live my life under certain conditions set by the Court and should I violate any of those conditions, the Court could revoke the supervised release and sentence me to serve an additional term of imprisonment.

e. The United States of America and I have also entered into the following agreements which are not binding upon the Court, and **I understand that if the Court does not follow these agreements I will not be allowed to withdraw my guilty plea**:

   i. At the time of sentencing, the United States of America shall recommend that the Court impose a sentence upon me equal to the minimum of the applicable advisory U.S. Sentencing Guidelines range for the offense;

   ii. The United States of America and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to the a two-level reduction in offense level; the United States of America and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level; however, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of

      responsibility; should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility; I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility;

f. As part of this agreement, I agree to make restitution to the victims of my offenses in an amount to be determined by the sentencing court including the losses and victims associated with my related criminal conduct which are not included in the counts to which I am pleading guilty.

g. I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree to submit within 30 days of the filing of this plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial statement and disclosures will be complete, accurate and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine. If deemed necessary by the U.S. Attorney's Office, I agree to submit, prior to sentencing, to an examination under oath on the issue of my ability to pay.

h. I agree to the entry of money judgment forfeiture in an amount to be determined by the Court. I acknowledge that the amount of the money judgment represents the amount of proceeds I derived from the commission of the offense set forth in Count 1 to which I am pleading guilty. I further consent to the entry of orders of forfeiture pursuant to Federal Rules of Criminal Procedure 32.2.

i. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my

conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to the negotiation of this plea agreement, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

j. I agree to cooperate fully, truthfully and candidly with the United States Attorney or his designated representatives as to my knowledge of, or involvement in, any violation of federal or state law; In this regard, I further agree to testify completely and truthfully if requested to do so; I further understand that because of said cooperation, if tendered, the United States Attorney MAY file a Departure Motion with the Court pursuant to U.S.S.G. Section 5K1.1 which would request that my sentencing guideline range be reduced, which is a benefit to me; I fully understand that the filing of such a motion and the amount of any departure is entirely in the discretion of the government. I further fully understand that the Court is in no way obligated to follow the recommendation of the government and if the government does not file said Motion or the Court does not depart downward, **I WILL NOT BE ALLOWED TO WITHDRAW MY PLEA OF GUILTY.**

k. As part of my cooperation, my attorney and I agree that I will have no objection to the government's request for any continuances of my sentencing hearing.

8. I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of the Felony Information to which I have agreed to plead guilty which are as follows:

> **Conspiracy, False Claims, and Aggravated Identity Theft**
> In summary, between January 2009 and December 2009, I obtained the personal identifying information of various individuals including their names, dates of birth, and social security account numbers and filed federal and state tax returns on their behalf without their knowledge, authority, or

permission. I obtained the information by accessing various websites including various Department of Corrections' websites and stole the personal identifying information of individuals to file Federal and State Income Tax returns. At various locations throughout Northwest Indiana, I filed the Federal Income Tax returns with the Internal Revenue Service and the Indiana Department of Revenue for a claim against the United States Department of the Treasury, an agency of the United States, and the Indiana Department of Revenue, an agency of the State of Indiana. I admit that the income tax returns were filed without the knowledge, authority, or permission of the victims. I also admit that I knew that the filed claims were false, fictitious, and fraudulent at the time the claims were filed. I received the tax refunds through the United States Mail and through electronic wire transfers. I admit that all of these events occurred in the Northern District of Indiana and elsewhere. I also admit that on April 18, 2011 I filed a false federal tax return for tax year 2010.

Specifically, as part of the conspiracy, I knowingly and intentionally participated in a tax and identity theft fraud scheme between January 2009 and continuing through October 2009 with other individuals. I, along with my co-conspirators, obtained the personal identifying information of the victims in 2008 and 2009 and filed the fraudulent federal and state tax returns in 2009. The federally filed tax returns claimed false wage and withholding on Forms W-2 for the tax year 2008. A large majority of the victims were female prisoners located in various prisons throughout the United States. I acknowledge and admit that I did not have the authority to utilize the social security numbers of the victims either from them or the Social Security Administration.

As part of the conspiracy, and in concert with others, the following occurred: I obtained the personal identifying information of various inmates including names, dates of birth, and social security numbers and filed tax returns on their behalf without their knowledge, authority, or permission. Between January 2009 and continuing through October 2009, I filed the fraudulent federal and state tax returns for the 2008 tax year. I stole the password from an individual and accessed a legal research site which provided access to inmates' SSNs. I logged onto the website and, through the public records link, conducted a search of the inmates to obtain the inmates' social security numbers needed to file the false income tax returns. I also accessed various Department of Corrections' websites to identify additional victims and filed fraudulent federal and state tax returns. I filed the federal and state income tax returns without the knowledge, authority, or permission of the victims. I filed the tax returns electronically utilizing the public libraries throughout Northwest Indiana as well as at Ivy Tech College. I added the names of

companies where either I had previously worked, or someone else in the conspiracy had previously worked, on the fraudulently filed tax returns. I received the tax refunds through the United States Mails and by direct deposits. I also used the stolen inmate identities to file false income tax returns with the Indiana Department of Revenue (IDOR). I knowingly and intentionally caused the IRS and IDOR to issue tax refunds which the banks received. The refunds were directed to financial institutions in Northwest Indiana or mailed to Northwest Indiana.

As a result of filing the false claims with the IRS and IDOR, I knowingly and intentionally caused income tax refunds to be generated and mailed or electronically transferred to financial institutions and debit cards. I, along with my co-conspirators, created on-line bank accounts in the names of the inmates. After creating the bank accounts, I, along with others, directed that the refunds be transferred from the bank accounts onto debit cards. The funds were electronically transferred to the debit cards registered in the names of the victims/inmates. I, along with my co-conspirators, caused the banks to issue and mail the fraudulent debit cards to various addresses where I and my co-conspirators exercised control because it was their personal residence or the residences of family members. Once the debit cards were received and activated, I, along with my co-conspirators, utilized the funds for our personal benefit and gain.

Between January 2009 and October 2009, I, along with my co-conspirators, received in excess of $500,000 in funds from the tax refund and identity theft fraud scheme.

**Tax Count**
Also, on April 18, 2011, I filed a false federal tax return for tax year 2010. I prepared and electronically filed my 2010 U.S. Individual Income Tax Return with the IRS, which was false as to several material matters. I identified my income as $15,631 when in fact it was much greater. As a result of the false filing, I received a higher tax exemption and lowered my taxable income. I concealed the fact that I married an individual in 2010. On my 2010 tax return, I knowingly and intentionally listed myself as single, head of household, instead of married filing jointly/separately. I also knowingly and intentionally listed my wife as my dependent, rather than as my wife. I also failed to identify any proceeds derived from the tax refund and identity theft fraud scheme on my 2010 federal tax return. Specifically, I acknowledge and admit that my 2010 tax return was not true and correct as to every material including the following: (1) marital status being listed as single/head of household instead of married filing married or separate; (2) listing my wife as my dependent instead of my spouse; and (3) failure to

    disclose proceeds derived from the tax refund and identity theft fraud scheme.

    Finally, I acknowledge and admit that all of these events, with respect to all charges in the Felony Information, occurred in the Northern District of Indiana and elsewhere.

9.  I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense(s) as well as the full extent of my criminal history.

10.  I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may either (A) ask the Court to make a determination that I have breached this agreement in which event I will, at sentencing, lose the benefit of **all** the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (B) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

11.  I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12.  I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

13. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

s/ Elbert Johnson<br>
Elbert Johnson<br>
Defendant

s/ Mark Psimos, Esq.<br>
Mark Psimos, Esq.<br>
Attorney for Defendant

APPROVED:

    DAVID A. CAPP,
    United States Attorney

By:   s/ Toi Denise Houston
       Toi Denise Houston
       Assistant United States Attorney