UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:14 CR 80 |
| | ) | |
| ELBERT JOHNSON | ) | |

**JOINT RESPONSE TO THE COURT'S INQUIRY ON AUGUST 22, 2014**

Comes now the United States of America, by and through its attorneys, David Capp, United States Attorney for the Northern District of Indiana, through Toi Denise Houston and Gary T. Bell, Assistant United States Attorneys, and Elbert Johnson, with consent of his attorney Mark Psimos, and responds to the Court's order requesting information about the crime of aggravated identity theft, as follows:

**1.    Background**

On August 7, 2014, the government filed a Felony Information charging Elbert Johnson with conspiracy to commit identity theft, making false claims to the government, aggravated identity theft and filing a false tax return.  (DE # 1)  At the same time, the parties filed a plea agreement.  In that agreement, Johnson agreed to plead guilty to all of the charges in the Information, and provided a factual basis supporting the guilty plea.  (DE # 2, ¶s 7a; 8)

Regarding the aggravated identity theft charges, Counts 5 and 6 allege that Johnson transferred, possessed and used, without lawful authority, the means of identification of two persons during and in relation to the federal crimes of wire fraud and theft of government funds. Both counts cite to the applicable federal statute for wire fraud and theft of government funds. (DE # 1, page 6)

1

The crime of aggravated identify theft, as set forth in 18 U.S.C. § 1028A(a)(1), provides:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1). Subsection (c) of 1028A contains a list of felony violations which serve as predicate offenses. Wire fraud and theft of government funds are predicate offenses. See, 18 U.S.C. §§1028A(c)(1) and (c)(5).

In the plea agreement, Johnson admitted the essential elements of aggravated identity theft – that is, he admitted possessing and using the means of identification of other persons during and in relation to wire fraud and while stealing government funds. In particular, Johnson admitted that he stole personal identifying information from prison websites and filed false federal tax returns which caused the government to issue refunds, some by electronic wire transfers, totaling more than $500,000. (DE # 2, pages 6-7)  Regarding Counts 5 and 6, at the plea hearing, it is anticipated that Johnson will admit possessing and using the means of identification of both individuals listed in the counts, and that he received the stolen tax refund money through the interstate electronic transfer of the refunds.

Although the Information does not independently charge Johnson with wire fraud or theft of government funds, the factual basis in the plea agreement shows that Johnson committed the required elements of each offense. To convict a defendant of wire fraud, the government must prove: (1) the defendant participated in a scheme to defraud; (2) the defendant intended to defraud; and (3) a use of an interstate wire in furtherance of the fraudulent scheme. *United States v. Radziszewski*, 474 F.3d 480, 484-85 (7th Cir. 2007).  Stealing personal identifying information

2

from prison websites and filing false tax returns with the IRS shows that Johnson engaged in a scheme to defraud and that he intended to defraud the IRS. Further, because many of the refunds were transferred through interstate electronic signals, Johnson committed wire fraud. At the plea hearing, the government will explain how the two tax returns filed in Counts 5 and 6 were refunded by interstate electronic signals. Johnson will not contest this evidence. The same conduct also establishes that Johnson committed theft of government funds, which only requires proof that a defendant embezzled, stole or knowingly converted more than $1,000 from the government. See, *United States v. Beard*, 713 F.Supp. 285, 287 (S.D.Ind. 1989); *United States v. Jenkins*, 2012 WL 1571507 (E.D.Wis. 2012). Accordingly, both parties believe that Johnson can and will establish a factual basis for the predicate crimes of wire fraud and theft of government funds, which are elements of the crime of aggravated identity theft as charged in this case. As explained below, it is not necessary that Johnson be charged or convicted of these offenses.

2. **The Crime of Aggravated Identity Theft Does Not Require That a Defendant Be Convicted of, or Even Be Charged With a Predicated Offense.**

18 U.S.C. § 1028A(a)(1) provides that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." The enumerated felonies include wire fraud and theft of government funds.

Section 1028A(a)(1) is a standalone crime and does not require the defendant to be convicted of, or even be charged with, the predicate offense. The language of the statute is clear that aggravated identity theft occurs during or in relation to a violation of the enumerated offense, not during and in relation to a conviction of the enumerated offense. If Congress intended for the government to secure a finding of guilt or a conviction of the predicate offense

3

in order to trigger a sentencing provision or as an element of a Section 1028A violation, Congress would have specified such a requirement within the express language of the statute. See *Altra Group, Inc. V. Good*, 129 S.Ct. 538, 543 (2008) (Congress may indicate intent through statute's language); *United States v. Clintwood Elkhorn Min. Co.*, 128 S.Ct. 1511, 1518 (2008) (strong presumption that plain language of statute expresses congressional intent).

In *United States v. Jenkins-Watts*, 574 F.3d 950, 970 (8th Cir. 2009), the Eighth Circuit found that the government's decision to charge the defendant with four counts of aggravated identity theft, and not the predicate offenses of access device fraud, did not render the indictment fatally insufficient so as to fail to charge the offense of conviction or deprive the court of jurisdiction. See also, *United States v. Lopez-Diaz*, 940 F.Supp.2d 39 (D.P.R. 2013) (means of identification only has to be knowingly transferred, possessed, or used without lawful authority "during and in relation to" any enumerated felony; 1028A does not require that the defendant be convicted of the underlying offense, only that he committed it); *United States v. Vidal-Reyes*, 562 F.3d 43, 55 n. 9 (1st Cir. 2009) (assuming without deciding that the government may charge the defendant with violating § 1028A without charging the predicate offense); *United States v. Hicks*, No. 2:12 CR 9 (M.D. Ala. Order, December 9, 2013) (after filing false tax returns to steal more than $250,000, defendant pled guilty to aggravated identity theft and non-predicate crime of filing false claim with government. To provide a factual basis on the aggravated identity theft count, the defendant "admitted that he was guilty of a count of Wire Fraud, 18 U.S.C. § 1343, which is a predicate offense listed in the Aggravated Identity Theft statute.")

In *Jenkins-Watts*, *supra*, the court found no deficiency as to the Section 1028A count where the indictment did not charge the predicate offense in a separate count. The court cited to its earlier interpretation of Section 924(c) in support of its decision. Analogous to the aggravated

4

identity theft statute is a charge pursuant to 18 U.S.C. §924(c) which requires that a charged defendant use, carry, or possess a firearm during or in relation to a crime of violence or drug trafficking crime. See also, *United States v. Frye*, 402 F.3d 1123, 1127-28 (11th Cir. 2005) (collecting cases standing for proposition that defendant charged with violating section 924(c) must be proven to have committed the underlying crime, but need not be separately charged with or convicted of underlying offense).  In *Frye*, the Eleventh Circuit court found that Section 924(c) did not require that the defendant be convicted or charged with the predicate offense. While it is required that the government prove that the defendant committed the underlying offense, it is not required that he be charged with the underlying offense.  *Id*. at 1127; *United States v. Green*, 521 F.3d 929, 934 (8th Cir. 2008) (concluding that the government's dismissal of the predicate offense was irrelevant "since a [18 U.S.C.] § 924(c) defendant need not be convicted of the underlying crime of violence"); *Myers v. United States*, 993 F.2d 171, 172 (8th Cir.1993) (per curiam) (holding that a defendant charged with violating Section 924(c) must be proven to have committed the underlying crime, but he need not be separately charged with and convicted of the underlying offense).

3.  **The Court Must Impose a Two Year Sentence For an Aggravated Identity Theft Conviction and it Must be Consecutive to Any Other Non-Aggravated Identity Offense**

When a defendant is found guilty of aggravated identity theft, the district court cannot place the defendant on probation and must impose two years of incarceration. 18 U.S.C. § 1028A(b)(1).  Further, the district court cannot impose a concurrent sentence to any other count of conviction, including non-predicate offenses.  18 U.S.C. § 1028A(b)(2) ("no term of imprisonment imposed on a person under this section shall run concurrently *with any other term of imprisonment imposed on the person under any other provision of law*, including any term of

imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used") (*emphasis added*).  See also, *Hicks, supra*, (imposing a two year sentence consecutive to the non-predicate offense.)  However, when there are multiple aggravated identity theft convictions, the district court has discretion to impose concurrent sentences on those counts only.  18 U.S.C. §§ 1028A(b)(2) and (b)(4).  As a result, based on the statute and case law, the parties believe that the Court must impose two year sentence on Counts 5 and 6, although the Court has discretion to impose a concurrent sentence on Counts 5 and 6.  Further, regarding the other offenses, the Court must impose the 2 year sentence for an aggravated identity theft conviction consecutive to any other sentence imposed.

      Respectfully submitted,

      DAVID A. CAPP
      UNITED STATES ATTORNEY

By:   s/ Toi Denise Houston                   By: s/ Mark Psimos
        Toi Denise Houston                         Mark Psimos, Esq.
        Assistant United States Attorney      Attorney for Defendant Elbert Johnson

By:   s/ Gary T. Bell
        Gary T. Bell
        Assistant United States Attorney

## *Certificate of Service*

       I hereby certify that on August 26, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**Mark A Psimos**
**psimoslaw@airbaud.net**

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

**None**

/s/ *Gloria Powell*

Gloria Powell
Legal Assistant